# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERNEST DEAN CARPENTER,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:11-CV-00867-PMP-(CWH)

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#3), respondents' motion to dismiss (#6), and petitioner's opposition (#15). The court finds that petitioner has not exhausted his available state-court remedies for part of one ground, and the court grants the motion in part.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th

Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

In the Second Judicial District Court of the State of Nevada, petitioner was convicted pursuant to a plea agreement of one count of burglary. Ex. 12 (#7). The state district court determined that petitioner was a habitual criminal pursuant to Nev. Rev. Stat. § 207.010(1)(b), and that court sentenced petitioner to life imprisonment without the possibility of parole. Id. Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 26 (#8).

Petitioner then pursued post-conviction remedies in state court. He filed a proper-person habeas corpus petition in the state district court. Ex. 30 (#8). That court appointed counsel, who filed a supplemental petition. Ex. 35 (#8). The state district court denied the petition. Ex. 48 (#8). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 81 (#9).

Respondents first argue that petitioner has not exhausted grounds 1-B and 2. Ground 1-B is a claim that the state district court breached the plea agreement, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. Petitioner alleges that he had been told that if the state district court determined that he was a habitual criminal, one of the possible sentences was imprisonment for a minimum term not less than 5 years and a maximum term not more than 20 years. At the sentencing hearing, the judge stated that he would not consider that sentence. Ex. 11, pp. 4-5 (#7). Ground 2 is a claim that the state district court violated the Due Process Clauses of the Fifth and Fourteenth Amendments because the judge misconstrued another possible sentence, life imprisonment with eligibility for parole after 10 years, to mean that petitioner would be paroled after 10 years.

The court is not persuaded by respondents' argument that petitioner did not present these claims on direct appeal. In respondents' favor, petitioner's opening brief on direct appeal is unclear. The brief appears to raise only one issue, that the sentence violated the Eighth Amendment

because it was excessive for the crime. Ex. 20, pp. iii, 3 (#7). Despite the form of the brief, in substance petitioner did argue that the state district court misconstrued the effect of the sentence of life imprisonment with the possibility of parole. Id., pp. 4-5 (#7). Petitioner also argued that the district court breached the plea agreement by refusing to consider the 5-to-20 year sentence, quoting relevant federal authority regarding the breach of the plea agreement. Id., p. 5 (#7). The only difference between what petitioner presented to the Nevada Supreme Court and what petitioner presented to this court is a possible change in the governing constitutional provisions, from the Eighth Amendment to the Fifth and Fourteenth Amendments. This difference is not one of substance, because the Nevada Supreme Court ruled on the merits of these claims. Ex. 26, pp. 3-4 (#8). Grounds 1-B and 2 are exhausted.

In ground 3, petitioner alleges that he received ineffective assistance of counsel. Petitioner has presented eight such claims in ground 3, lettered (a) through (h). Petitioner raised the same claims in grounds 1 and 2 of his supplemental state petition. Ex. 35, pp. 4-6 (#8). However, on the appeal from the denial of that petition, he argued only that counsel at sentencing provided ineffective assistance because counsel did not present mitigating evidence of petitioner's mental-health problems. Ex. 76, pp. 9-14 (#9). That argument corresponds with ground 3(g). Petitioner has not presented the rest of ground 3 to the Nevada Supreme Court, and those parts of ground 3 are unexhausted.

Respondents argue in the alternative that ground 3(h) is conclusory. The court will not rule on this argument because the court has ruled that ground 3(h) is unexhausted.

The petition (#3) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h) and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h), or he may move to stay this action while he returns to state court to exhaust grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h). If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his

1  unexhausted claims are potentially meritorious, and there is no indication that the petitioner
2  engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (#6) is **GRANTED** in part with respect to grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h).

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h) of his petition (#3), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#3) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h) of his petition (#3), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h) of his petition (#3).  Failure to comply will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that if petitioner elects to dismiss the aforementioned grounds of his petition (#3) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds.  If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED:   January 11, 2012.

_____
PHILIP M. PRO
United States District Judge