1
2
3
4
5
6
7                          **UNITED STATES DISTRICT COURT**
8                             **DISTRICT OF NEVADA**
9
10
ERNEST DEAN CARPENTER,                )
11                                     )
                  Petitioner,          )        2:11-cv-00867-APG-CWH
12                                     )
vs.                                    )        **ORDER**
13                                     )
D.W. NEVEN , *et al.*,                 )
14                                     )
                  Respondents.         )
15 _____/

16          This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Ernest Dean

17   Carpenter, a Nevada prisoner.  On September 29, 2014, respondents filed a motion to dismiss certain

18   claims in Carpenter's petition, arguing that the claims are procedurally defaulted.  ECF No. 35.

19   Respondents also argue that one of Carpenter's claims is not sufficiently plead for the purposes of

20   Habeas Rule 4.  *Id.*

21          I.  PROCEDURAL BACKGROUND

22          On March 16, 2007, Carpenter was convicted of burglary in the Second Judicial District

23   Court for Nevada.  The district court adjudicated Carpenter a habitual criminal and sentenced him to

24   life in prison without the possibility of parole.  *Id.*  Carpenter appealed to the Nevada Supreme

25   Court.

26

1    On February 13, 2008, the Nevada Supreme Court affirmed the judgment of conviction.  On

2  September 30, 2008, Carpenter filed a proper person petition for a writ of habeas corpus in the state

3  district court.  With the assistance of appointed counsel, he filed a supplemental petition on January

4  20, 2009.  On May 11, 2009, the state district court dismissed all but one of Carpenter's claims.

5  After an evidentiary hearing on the remaining claim, habeas relief was denied by the district court.

6  Carpenter  appealed.

7    In his opening brief before the Nevada Supreme Court he raised only one claim, arguing that

8  trial counsel was ineffective for failing to present certain mitigating evidence at sentencing.  On

9  March 17, 2011, the Nevada Supreme Court affirmed the denial of Carpenter's state habeas petition.

10    On May 24, 2011, Carpenter initiated this federal habeas proceeding.  Respondents moved to

11  dismiss the petition, arguing that certain claims in the petition were unexhausted.  On January  11,

12  2011,  this court granted the motion, in part, concluding that Grounds 1-B and 2 were exhausted but

13  Grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h) were unexhausted.

14    Carpenter was granted a stay and abeyance to allow him to return to state court.  On May 1,

15  2013, he filed a second state habeas petition raising the claims this court found unexhausted.  The

16  state district court dismissed the petition as procedurally defaulted.  The Nevada Supreme Court

17  affirmed that decision.

18    On July 3, 2014, Carpenter moved to lift the stay.  The stay was lifted on July 30, 2014.

19  Respondents then filed the motion to dismiss that is now before the court for decision.

20    II.  PROCEDURAL DEFAULT

21    In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a

22  state prisoner who fails to comply with the state's procedural requirements in presenting his claims to

23  the state court is barred from obtaining a writ of habeas corpus in federal court if the procedural bar

24  imposed by the state court was independent of the federal question and adequate to support the

25  judgment.  *Coleman*, 501 U.S. at 729.  Where such a procedural default constitutes an adequate and

26

2

independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque*, 464 F.3d 963, 966–67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (holding that there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

Respondents argue that the following grounds in Carpenter's petition are subject to procedural default: Grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h). As noted, these claims were presented in Carpenter's second state post-conviction proceeding. In affirming the state district court's dismissal of that petition, the Nevada Supreme Court cited to the timeliness bar under Nev. Rev. Stat. § 34.726(1) and the successive petition bar under Nev. Rev. Stat. §34.810(2). ECF No. 36-13. The state supreme court further determined that Carpenter could not show good cause and actual prejudice for the purposes of excusing the procedural defaults. *Id.*

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, application of the

abuse of the writ rule of NRS § 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

In this case, the Nevada Supreme Court's application of the procedural bars of NRS § 34.726(1) and NRS § 34.810(2) were independent and adequate grounds for the state court's dismissal of petitioner's claims.  Thus, Grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h) of the petition are procedurally barred from federal review and must dismissed with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.

To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496).  To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *McClesky v. Zant*, 499 U.S. 467, 497 (1991).

In his response to the motion to dismiss, Carpenter agues that he can establish cause under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), because ineffective assistance of counsel in his initial post-conviction relief proceeding resulted in a failure to properly assert the ineffective assistance of counsel claims set forth in Ground 3.  As respondents point out, however, the claims at issue were presented to the state *district* court in Carpenter's first post-conviction proceeding.  ECF No. 8-5 and 8-10.  It was the omission of the claims from Carpenter's subsequent appeal to the Nevada Supreme Court that necessitated their presentation in the second, successive and untimely, state petition.  ECF No. 9-26.  The holding in *Martinez* does not extend to the performance of post-conviction counsel on appeal.  *Martinez*, 132 S.Ct. at 1320 ("The holding in this case does not concern attorney errors in

4

1    other kinds of proceedings, including appeals from initial-review collateral proceedings. . . .").

2    Because Carpenter has not put forth any other cause for his procedural default or shown that a

3    constitutional violation has probably resulted in the conviction of one who is actually innocent,

4    Grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h) are procedurally defaulted for the purposes of

5    federal review.

6          III.  INSUFFICIENT PLEADING

7          Respondents argue that Ground 3(h) does not meet the pleading standards applicable to

8    claims for habeas relief.  In Ground 3(h), Carpenter claims that his constitutional right to effective

9    assistance of counsel was violated because counsel failed to consult with him with respect to

10   possible errors in his pre-sentence investigation (PSI) report.  ECF No.  3  at  10-11.  Respondents

11   argue that Carpenter's failure to identify what errors he believes were contained in the PSI report

12   renders the claim conclusory and, therefore, subject to dismissal.

13         A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice"

14   pleading, as may be found in other civil cases in the United States District Courts.  *Blackledge v.*

15   *Allison,* 431 U.S. 63, 75 n. 7 (1977) (*citing* Advisory Committee Note to Rule 4, Rules Foll. Cases

16   under 28 U.S.C. § 2254).  The petition must instead contain particularized facts which show that the

17   petitioner is entitled to relief upon each specified grounds.  The facts alleged in the petition must be

18   sufficient in detail to allow the court to determine whether the petition should be summarily

19   dismissed, or should be given further review.  *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir.

20   1990).

21         Carpenter suggests, in Ground 3(h), the alleged errors in the PSI report were related to his

22   criminal history, but does not further elaborate.  This court is not required to comb through the state

23   court record to ascertain whether facts exist that might support relief.  *See id.* at 333.  Thus, this court

24   agrees that Ground 3(h) lacks sufficient detail to meet the habeas pleading standard.  Accordingly, in

25   addition to being procedurally defaulted, the ground is subject to dismissal on that basis.

26

1   **IT THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 35) is

2   GRANTED.  Grounds 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), and 3(h), are DISMISSED for the reasons set

3   forth above.

4   **IT IS FURTHER ORDERED** that the respondents shall have **forty-five (45) days** from the

5   date on which this order is entered to answer the remaining claims in the petition.  To the extent they

6   have not done so already, respondents shall comply with Rule 5 of the Rules Governing Section

7   2254 Cases in the United States District Courts.  Petitioner shall have **forty-five (45) days** from the

8   date on which the answer is served to file a reply.

9   Dated: May 27, 2015.

10

11   _____
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6