# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERNEST DEAN CARPENTER,

    Petitioner,

vs.

D.W. NEVEN, *et al.*,

    Respondents.

2:11-cv-00867-APG-CWH

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Ernest Dean Carpenter, a Nevada prisoner. Carpenter has four motions pending before the court: (1) a motion for reconsideration of this court's dismissal of Grounds 3(a-f) and (h) (ECF No. 54); (2) a motion for appointment of counsel (ECF No. 57); (3) a motion for stay (ECF No. 58); and (4) a motion for evidentiary hearing (ECF No. 60). For the reasons that follow, these motions shall be denied.

*Motion for reconsideration*

Carpenter asks this court to reconsider its order of May 28, 2015 (ECF No. 43), which dismissed Grounds 3(a-f) and (h) as procedurally defaulted. Those claims were dismissed by the Nevada Supreme Court as untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. §34.810(2), both adequate and independent procedural bars. ECF No. 36-13. With his motion, Carpenter does not raise any arguments that he did not or could not have raised in opposing respondents' motion to dismiss. Thus, the motion is denied. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that reconsideration was properly denied where movant presented no arguments that had not already been raised in opposition to summary judgment); *Kona Enters.*,

*Inc. v.. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that motion for reconsideration may not be used to raise arguments that could reasonably have been raised earlier in the litigation).

*Motion for appointment of counsel*

Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is sufficiently clear in presenting Carpenter's claims. Also, the issues in this case are not particularly complex. It does not appear that counsel is justified in this instance. Carpenter's motion for appointment of counsel is denied.

*Motion for stay*

With his motion for stay, Carpenter asks to stay proceedings in this case to return to state court to exhaust an additional habeas claim. The claim Carpenter seeks to present alleges that the state district court must allow him to withdraw his guilty plea agreement because the court failed to inform him of all the consequences of the agreement. Absent from Carpenter's motion for stay is any justification for introducing this claim more than five years after initiating this proceeding and after having already been permitted a previous stay for exhaustion purposes.

In addition, this court need not allow Carpenter to amend a habeas petition where the amended claim would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 844 (9th Cir. 1995). An amended claim is futile if the claim is unexhausted and cannot lead to habeas relief. *Caswell v.*

*Calderon*, 363 F.3d 832, 837 (9th Cir. 2004). Here, Carpenter's proposed claim is untimely and subject to procedural default. Thus, his motion for stay must be denied.

*Motion for evidentiary hearing*

Carpenter asks for an evidentiary hearing to present evidence related to a "psychiatric report" prepared by a psychiatrist at the request of defense counsel prior to Carpenter entering a guilty plea. ECF No. 63, p. 9-12. The report was presented in his state court proceedings, and the claim in his petition to which it relates was adjudicated on the merits by the Nevada Supreme Court. ECF No. 9-31. Thus, an evidentiary hearing in this court would serve no purpose. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) (holding that federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits). In addition, Carpenter has not shown that he can surmount the obstacles to an evidentiary hearing imposed by § 2254(e)(2). His motion for an evidentiary hearing is denied.

**IT THEREFORE ORDERED** that petitioner's pending motions (ECF Nos. 54/57/58/60) are DENIED.

Dated: March 16, 2017.

_____
UNITED STATES DISTRICT JUDGE